UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-73 |
| | ) | (PHILLIPS/SHIRLEY) |
| LAWANNA BROCK, and | ) | |
| RONDAL BROCK | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on November 13, 2006, for a hearing on Defendants' Motion For Discovery [Doc. 39] and Defendants' Motion For Order Requiring Advanced Disclosure Of 404(b) Evidence [Doc. 42], both filed on October 20, 2006. Assistant United States Attorneys Cynthia Davidson and Greg Wheddle appeared on behalf of the government. Attorney Thomas Dillard and Wade Davies were present representing Defendant Lawanna Brock and Attorney Dan Warlick was present representing Defendant Rondal Brock. Both Defendants were present at the hearing.

*1. Motion For Order Requiring Advanced Disclosure Of 404(b) Evidence [Doc. 42]*

Defendants' move [Doc. 42] for an Order requiring the government to provide notice

1

twenty-one (21) days in advance of trial of the general nature of any Rule 404(b) evidence it intends to introduce at trial. Defendants contends [Doc. 43] that meaningful advance notice and disclosure of 404(b) evidence prior to trial will avoid undue surprise at trial and provide the opportunity for the Court to make its evidentiary ruling in a fair and informed manner.

The government objects [Doc. 46] to Defendants' request for twenty-one days pretrial notice, noting that the Court's Order on Discovery and Scheduling [Doc. 3] directs the government to give any notice pursuant to F.R.E. Rule 404(b) at least seven days before trial. Arguing that the Defendants have offered no circumstance whatsoever to support their need for such early disclosure, the government contends that seven days notice is adequate time for Defendants to challenge the admissibility of such evidence *in limine*.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 3, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. At the November 13, 2006 hearing in this case, defense counsel gave no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling. Accordingly, Defendants' Motion For Order Requiring Advanced Disclosure Of 404(b) Evidence [**Doc. 42**] is **DENIED** in light of the fact that the Order on Scheduling and Discovery already adequately provides for pretrial notice of the government's intention to introduce 404(b) evidence.

*2. Defendants' Motion For Discovery [Doc. 39]*

Defendants' move [Doc. 48] the Court for an order requiring the government to provide certain items of discovery. Defendants have made six (6) specific discovery requests, as well as seven (7) additional requests. In their motion, Defendants also acknowledge that the government has "provided certain items of discovery already."

The government, in its written response [Doc. 48], has individually addressed each request. The Court would note that Defendants' motion contains several broad discovery requests, to which Defendants have acknowledged that at least some of the discovery items requested have already been provided by the government. The Court further notes that Defendants made no specific argument at the November 13, 2006, hearing with regard to any specific or additional discovery request contained within said motion.

The Court will address each discovery request in turn.

*Specific Request One*

With regard to Specific Request One, Defendants request any and all recordings, reports, and other items pertaining to undercover activity by law enforcement or agents of law enforcement, to include confidential informants, concerning the defendants or that are intended to be offered against them by the government in it's case in chief. Defendants also specifically request any reports, not already provided, by Agent Battle or anyone else involved in the investigation. The government responds that it is aware of its discovery obligations under Rule 16(a)(1)(E) and it has complied with those obligations. It also contends that various reports and memoranda demanded by the defense are not properly discoverable under Rule 16.

3

The Court's Order on Discovery and Scheduling [Doc. 3, para. B(3)]addresses the government's obligation in this regard:

> The government shall permit the defendant to inspect and copy the following items or copies or portions thereof, or supply copies or portions thereof, which are within the possession, custody or control of the government, or the existence of which is known or by the exercise of due diligence may become known to the government:
>
> (3) Books, papers, documents, photographs, tangible objects, buildings or places which are *material to the preparation of the defendant's defense* or which the government intends to use as evidence at trial to prove its case-in-chief, or were obtained from or belong to each defendant. See fn. 1
>
> **Fn 1.** The United States Supreme Court has held that the phrase "material to the preparation of the defendant's defense" as used in Rule 16(a)(1)(E)(i), Fed.R.Cr.P. (formerly Rule 16(a)(1)(C), means material to the defendant's direct response to the government's case-in-chief. In other words, "the defendant's defense" encompasses only that part of the defendant's defense which refutes the government's arguments that defendant committed the crime charged. United States v. Armstrong, 517 U.S. 456 (1996).

Thus, the Court finds that it has already ordered the government to turn over materials which are **material to the preparation of the defendant's defense** as used in Rule 16(a)(1)(E). To the extent that Defendants request additional discovery, the Court finds that Defendants have not made the requisite showing under the Court's Order [Doc. 3] or Rule 16 to allow the Court to require the government to provide discovery beyond that which it has already ordered. Furthermore, the government has indicated that it is aware of its discovery obligations under Rule 16 and it has complied with those obligations. Accordingly, Defendants' *Specific Request One* is **DENIED**.

*Specific Request Two*

With regard to Specific Request Two, Defendants request any and all Explanation of Benefits ("EOB") forms relating to allegations contained in Counts Two through Seven of the Superceding Indictment. The government responds that it has provided all EOB's to which it currently has, but will continue to provide whatever it receives. Based on the government's representation, the Court finds that the government has agreed to provide all EOB forms that it currently has and/or receives in the future. Accordingly, Defendants' *Specific Request Two* is **GRANTED**.

*Specific Request Three*

With regard to Specific Request Three, Defendants request the identity of confidential informants or others providing information to state or federal law enforcement relating to the charges against them, as well as any impeachment material concerning the informants. The government responds that Defendants' request is simply a request for a witness list which it is not required to disclose. It also states that it is aware of its Brady obligations.

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the

informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the Court should consider, among other factors, the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

In the present case, Defendants have made no showing whatsoever that the identity of any confidential informant is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Thus, Defendants' discovery request for the identity of any confidential informant is **DENIED**.

With respect to Defendants' request for the identities of "others" who provided information to state or federal law enforcement, the Court has found no authority extending the limited disclosure permitted in Roviaro v. United States, 353 U.S. 53 (1957), to persons other than informants working for the government. The entire thrust of Roviaro is to carve out an exception to the informer's privilege. The Sixth Circuit has generally limited the scope of that exception to informants who are involved in the offense. See, e.g., United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968) ( holding that courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction, than when the informant merely gives officers a tip that proves helpful in securing a search warrant); United States v. Sharp, 778 F.2d 1182, 1186 n.5 (6th Cir. 1985) (noting that disclosure is usually required when an informant is an "active participant in the events underlying the defendant's potential criminal liability" and usually not required when the informant is a "mere tipster or introducer"); United States v. McManus, 560 F. 2d 747, 751 (6th Cir.), cert. denied, 434 U.S. 1047 (1978) (affirming the denial of disclosure when the informant was not a direct participant in the drug transaction). The Court finds no basis for extending this exception to the informer's privilege to eyewitnesses not working for the government. However, to the extent that an informant was an "active participant in the events underlying Defendants potential liability" rather than a "tipster," the government should either disclose the identity of such person or make a filing to prevent such disclosure with supporting reasons, basis and legal authority. Otherwise, Defendants' broad discovery request for the identities of "others" who provided information to state or federal law enforcement relating to the charges against them is **DENIED**.

Finally, the Court notes that the Court's Order on Discovery and Scheduling [Doc. 3, para. E.] provides:

7

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady and the government has acknowledged its duty to disclose same.

*Specific Request Four*

With regard to Specific Request Four, Defendants request, to the extent not already provided, any records seized during the searches/audits/inspections of the Tazewell Medical Clinic that occurred between January, 2002 and May, 2004. The government responds that all materials obtained from or belonging to Defendants have either been provided or have been made available for inspection.

Based on the government's representation and Defendants lack of argument to the contrary at the November 13, 2006 hearing, the Court finds that all materials obtained from or belonging to Defendants have either been provided or have been made available for inspection and, thus, there are no such records "not already provided." Accordingly, Defendants' *Specific Request Four* is **DENIED as moot**.

*Specific Request Five*

With regard to Specific Request Five, Defendants request that the government give notice and a detailed description of any evidence it intends to offer at trial under Fed. R. Evid. 404(b), 608 and/or 609 no later than twenty-one (21) days prior to trial. The government responds that it will make the required disclosures not later than seven (7) days prior to trial.

Initially, the Court notes that this Court's Order on Discovery and Scheduling [Doc. 3, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. At the November 13, 2006 hearing, defense counsel gave no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling. Accordingly, Defendants' request for advanced disclosure of 404(b) evidence is **DENIED** in light of the fact that the Order on Scheduling and Discovery already adequately provides for pretrial notice of the government's intention to introduce 404(b) evidence.

With regard to Defendants' request for pretrial notice of FRE 608 and 609 evidence, Rule 608[1] permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609, on the other hand, outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction.

---

[1] "[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a). The rule does not permit the parties to introduce extrinsic evidence, other than a criminal conviction pursuant to Rule 609, to prove specific instances of conduct for truthfulness. Fed. R. Evid. 608(b). A court has discretion to permit cross-examination of a witness about specific instances of conduct probative of truthfulness or untruthfulness if the questioning relates to the witness's character for truthfulness or untruthfulness or to the truthful or untruthful character of another witness about whom the testifying witness has testified. Fed. R. Evid. 608(b).

9

Neither of these rules requires the government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of an intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b). Furthermore, the Court notes that in its Order on Discovery and Scheduling [Doc. 3, paras. A-B], it has already ordered the government to provide Defendants with the discovery to which they are entitled pursuant to Rule 16. Specifically, the Court has ordered [Doc. 3, para. A(2)] the government to give Defendants a copy of their arrest and conviction record. While Rule 16 directs the government to provide Defendants with a copy of their prior criminal record upon their request, it does not require the government to reveal whether it intends to use any prior convictions to impeach Defendants at trial. See Fed. R. Crim. P. 16(a)(1)(D).

Accordingly, Defendants' request for pretrial notice of FRE 608 and 609 evidence is **DENIED**.

*Specific Request Six*

With regard to Specific Request Five, Defendants request any and all records relating to the criminal history of any potential government witnesses and that such information be provided no later than twenty-one (21) days prior to trial. The government responds that it is aware of its obligations under Brady, but resists providing prior to trial the material requested by Defendants.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady, 373 U.S. 83, 87 (1963). As the government has observed, the Court's Order on Discovery and Scheduling addresses the government's obligation in this regard:

> The government shall reveal to the defendant and permit inspection and copying of all information and

> material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 3, para. E] The Court finds that it has already ordered the government to turn over materials within the scope of Brady and Bagley, with timing of such disclosures governed by Presser. Furthermore, the government submits that it is aware of its obligations under Brady and the Court's Order includes impeachment evidence [Doc. 3, para. E-F]. Accordingly, Defendants' *Specific Request Six* is **DENIED**.

### *Additional Requests 1,3, 4,and 5*

In response to Defendants' *Additional Requests 1, 3, 4 and 5* [Doc. 39], the government states that it is aware of its Brady obligations. Initially, the Court notes that Defendants made no specific argument with regard to any additional request at the November 13, 2006 hearing, and instead rely solely upon the arguments set forth in their pleadings.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). As the government has observed, the Court's Order on Discovery and Scheduling addresses the government's obligation in this regard:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland,

373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 3, para. E] The Court finds that it has already ordered the government to turn over materials within the scope of Brady, with timing of such disclosures governed by Presser. To the extent that there is any question, the Court finds that evidence tending to impeach a government witness must disclosed per Bagley. As per the rules, timing of such disclosure is based on Presser. Furthermore, the Sixth Circuit has upheld the government's right under the Jencks Act, 18 U.S.C. § 3500, to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." Presser, 844 F.2d at 1283 (6th Cir. 1988). However, the Court's Order on Discovery and Scheduling also "strongly encourages revealing Jencks Act materials "as soon as possible" and "well before" the testimony of government witnesses. [Doc. 3, para. O]. Accordingly, Defendants' *Additional Requests 1, 3, 4 and 5* are **DENIED**.

### *Additional Request 2*

With regard to *Additional Request 2*, Defendants request the reports of all tests and examinations, the results or reports of physical and mental examinations, and scientific tests, including handwriting analysis, of any current or former employees of Tazewell Medical Clinic. The government responds that it is aware of its discovery obligations under Rule 16(a)(1)(F). It further states that it has not conducted handwriting analysis pertinent to this case.

The Court's Order on Discovery and Scheduling [Doc. 3, para. A(3)] states that the government shall comply with Rule 16(a)(1)(A)-(F) by August 11, 2005 and, more specifically, shall supply copies thereof, or permit the defendant to inspect and copy:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, as soon as possible but *at least three weeks before trial*, unless the Court orders otherwise.

The Court finds that it has already ordered the government to turn over the discovery materials which Defendants seek in their request and compliance is not due for over a month from now. Furthermore, the government submits that it is aware of its obligations and, more specifically, states that it has not conducted handwriting analysis in this case. Accordingly, Defendants' *Additional Requests 2* is **DENIED as moot.**

### *Additional Requests 6 and 7*

With regard to *Additional Request 6 and 7*, Defendants request any and all documents which the government intends to rely pursuant to FRE 803(6), as well as any and all statements the government will seek to admit under FRE 804. The government responds that it is not required to provide pre-trial notice of its intent to rely upon the hearsay exceptions in Federal Rules of Evidence 803 or 804.

Initially, the Court notes that in its Order on Discovery and Scheduling [Doc. 3, paras. A-B], it has already ordered the government to provide Defendants with the discovery to which they are entitled pursuant to Rule 16. The Court also finds that with the exception of F.R.E.

Rules 404(b) and 807, the government is not required to identify pretrial under which rules of the F.R.E. it intends to offer evidence at trial  Accordingly, Defendants' *Additional Requests 6 and 7* are **DENIED**.

> Accordingly, it is **ORDERED**:
>
> (1) The Court **DENIES** Defendants' Motion For Order Requiring Advanced Disclosure Of 404(b) Evidence [**Doc. 42**];
>
> (2) With regard to Defendant's Motion For Discovery [**Doc. 39**], the Court rules as follows:
>
> > a. *Specific Request One* is **DENIED**;
> > b. *Specific Request Two* is **GRANTED**;
> > c. *Specific Request Three* is **DENIED**;
> > d. *Specific Request Four* is **DENIED as moot**;
> > e. *Specific Request Five* is **DENIED**;
> > f. *Specific Request Six* is **DENIED**;
> > e. *Additional Requests 1, 3, 4 and 5* are **DENIED**;
> > f. *Additional Request 2* is **DENIED as moot**; and
> > g. *Additional Requests 6 and 7* are **DENIED**.
>
> **IT IS SO ORDERED.**
>
> ENTER:
>
>     s/ C. Clifford Shirley, Jr.
> United States Magistrate Judge