UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-73 |
| | ) | (PHILLIPS/SHIRLEY) |
| LAWANNA BROCK, and | ) | |
| RONDAL BROCK | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court upon Defendants' Motion To Dismiss Superseding Indictment On Basis Of Constitutional And Procedural Insufficiencies [Doc. 44], filed on October 20, 2006. Assistant United States Attorneys Cynthia Davidson and Gregory Weddle were present representing the government. Attorneys Thomas Dillard and Wade Davies were present representing Defendant Lawanna Brock, and Attorney Daniel Warlick was present representing Defendant Rondal Brock. Both Defendants were present.

Defendants' move the Court to dismiss the Superceding Indictment claiming it is constitutionally and procedurally insufficient and specifically claiming that:

(1) The Superceding Indictment in this case charges Lawanna Brock with a violation of 18 U.S.C. §1518(a) and Lawanna Brock and Rondal Brock with violations of 18 U.S.C. §1347 ("Health Care Fraud").

(2) The indictment fails to allege a necessary interstate commerce element.

(3) Defendants further rely upon the Memorandum of Law filed in support of and

contemporaneously with this Motion.

The defendants' first argument is "In order for an Indictment to be procedurally and constitutionally sufficient, it must state every element of the offense." [Doc. 45].

The defendant and government agree that an indictment must set out all the elements of the charged offense. The Court agrees based on the Sixth Amendment of the United States Constitution, Rule 7 of the Federal Rules of Criminal Procedure and Supreme Court and Sixth Circuit precedent. Russell v. United States, 369 U.S. 749, 763-64 (1962) and United States v. Martinez, 981 F.2d 867 (6th Cir. 1992).

> In Martinez, the Sixth Circuit stated:
>
> To pass constitutional muster, an indictment must meet a two-prong test: first, the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts. Russell v. United States, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1046-47, 8 L.Ed.2d 240 (1962).

Martinez, Id. at 872.

The government contends, and the defendant does not dispute, that the Superceding Indictment gives "both defendants notice of the charges against them." The Court agrees as the "introduction and scheme to defraud" portion of the Superceding Indictment along with the individual counts 2-7 which incorporate the same, specifies the time period (January 2002 - May 2004) of the scheme to defraud, the place, the circumstances, and specific facts and details, including

specific dates, the patients and entities alleged defrauded and the specific acts being charged. Thus, it sufficiently advises and gives notice to defendants of the nature and extent of the charges faced.

The defendants' second issue is "The Superceding Indictment fails to allege a necessary interstate commerce element."

Defendants argue that "affecting commerce" is a jurisdictional element and the superceding indictment does not explicitly allege that element, or a nexus with interstate commerce. As such, defendants contend this failure to state a necessary element warrants dismissal of the Indictment. Defendant references cases including United States v. Morrison, 529 U.S. 598 (2000) and United States v. Lopez, 514 U.S. 549 (1995).

However, the constitutionality of the "Health Care Fraud" statute (18 U.S.C. §1347) or the "obstruction of criminal investigations of health care offenses (18 U.S.C. §1518) has not been raised as a defense. Hence, the questions of whether Congress exceeded its commerce clause authority in enacting the statutes in issue and/or whether as in Morrison and Lopez, those statutes should be invalidated, is not before the Court. Indeed, defendant concedes:

> "While 18 U.S.C. §1347 does not contain an express interstate commerce jurisdictional element in the text of the statute, the jurisdictional element is incorporated by reference. Both subsections of 18 U.S.C. §1347 requires a scheme or artifice involving a "health care benefit program." 18 U.S.C. §24(b) defines "healthcare benefit program" as "any public or private plan or contract *affecting commerce. . . .* (emphasis added)".

Thus, the legal argument raised by defendants is that the Indictment must specifically allege the interstate commerce or "affecting commerce" element in the text of the Indictment in order to allege this element of the offense. More specifically, defendants' argue that the Superceding Indictment's reference to 18 U.S.C. §24(b) (which defines a "health care benefit

3

program") is not sufficient.

In support of this argument, defendants cite only a District Court decision United States v. Young Moon, No. 2:04-00014, Middle District Of Tennessee, District Court Judge Todd Campbell (Nov, 29, 2004), who did find that such failure of that Indictment to specifically allege, "affecting commerce" other than by citation to 18 U.S.C. §24(b) did not allege all the elements of the offense charged and dismissed the Indictment without prejudice. At the motion hearing, defense counsel, in answer to the Courts inquiry, stated that as a result, the government simply filed a superceding indictment adding the "affecting commerce language."

The government argues first that the "affecting commerce" element does not relate to the actual "scheme to defraud" affecting interstate commerce, but requires proof that the "health care benefit program" itself affects commerce. The government further argues that 1) there is a rational basis for concluding that the administration of the health care programs in issue, Medicare, TennCare and Blue Cross Blue Shield of TN, is an economic activity that affects interstate commerce, and 2) the defendants sole legal basis and support for their argument is the aforementioned District Court cite, while the 3rd Circuit Court has held to the contrary in United States v. Whited, 311 F.3d 259, 262 (3rd Cir. 2002), wherein the reference to 18 U.S.C. §24(b) was sufficient.

In Whited the Indictment referenced BlueCross as an healthcare benefit program "within the meaning of 18 U.S.C. §24(b)." The defendant conceded that "the Indictment identifies BlueCross as a health care program" but alleged her theft was from the medical center in issue, which was not identified in the Indictment as a health care benefit program. The Third Circuit apparently went father then this Court is required to go when it found that the Center was identified

4

as a health care benefit program "by implication." (Whited Id. at 263).

However, given the holding and reasoning of the Third Circuit in Whited, it does appear that such Court would find that the 24(b) statutory reference would be constitutionally and procedurally sufficient and to state the affecting commerce element of the offense.

This Court was faced with a similar argument in United States v. Truss, No. 3:05-CR-146, and recommended against dismissing that Indictment on the same argument. This Courts recommendation was accepted in whole by District Judge Thomas W. Phillips. See United States v. Truss, 2006 WL 1409107 (E.D.Tn 2006). The language from that opinion by this Court is set forth herein:

> Additionally, at the March 29 hearing, the defendants argued that even if the Controlled Substances Act is not unconstitutional on its face, the Indictment, nonetheless, must specifically allege the interstate commerce element in order to allege all the elements of the offense charged. In support of their argument, the defendants submitted to the Court District Court Judge Todd Campbell's Order [Doc. 57] in the United States v. Young Moon (footnote omitted). In Young Moon, the issue was whether the government was required to allege an interstate commerce nexus in the indictment to adequately allege a violation of 18 U.S.C. §1347, which prohibits execution of a scheme to defraud a health care benefit program. Finding that the Indictment failed to specifically, allege the "affecting commerce" jurisdictional element, the Court dismissed the Indictment without prejudice. Other than the Young Moon Order, the defendants have cited no other authority to support their contention.
>
> Based upon the clear precedent, the Court finds the defendants' constitutional challenge to the Controlled Substances Act to be without merit and recommends that his motion to dismiss for lack of allegation of a specific interstate commerce element be denied.

This Court was also presented with a similar question in a case involving protesters/trespassers on Department of Energy property in Oak Ridge, which case, and this Courts holdings, were affirmed by the Sixth Circuit in United States v. Lentsch, 369 F.3d 948 (6th Cir.

5

2004). The argument in that case was that the information failed to allege an essential element of the statute under which they were charged (that the property was "enclosed"). The Court will not set out the entire opinion or the Sixth Circuits reasoning but recommends its reading to the parties. However, the seminal passages, as it relates to this issue are set forth herein:

> The defendants claim that, because the information did not include the phrase "enclosed by a fence, wall, roof or other structural barrier," it failed to charge them with the elements of aggravated trespass under 10 C.F.R. § 860.5(b). But due process does not require a recitation of the statute; it requires only that the information as a whole set forth the critical details of the offense charged. For instance, in United States v. Martinez, 981 F.2d 867 (6th Cir. 1992), we found that a citation to the relevant statute provided sufficient notice of the elements of the charged offense, even though the indictment did not explicitly state the willfulness element of the crime. Id. at 871-82. And in United States v. Forbes, 16 F.3d 1294 (1st Cir. 1994), the court held that even though "statutory citation, standing alone, cannot substitute for setting forth the elements of a crime, it may reinforce other references in the indictment so as to render it valid." Id. at 1297.
>
> Here, the information's reference to a structural barrier clearly indicates aggravated trespass as defined by 10 C.F.R. § 860.5(b) rather than simple trespass under 10 C.F.R. § 860.5(a), because the presence of a structural barrier is not relevant to simple trespass. As the magistrate judge correctly held, the information satisfied the requirements of due process because the wording of the information, its use of the unique "structural barrier," plus its clear reference to the specific charging regulation of 10 C.F.R. 860.5(b), which established the specific condition and increased penalty, sufficiently reinforced the information references and put the defendants on notice of the charges and allowed defendants to prepare a strong defense on this very issue and was sufficiently specific so as to enable the defendants to plead double jeopardy in any subsequent proceeding if charged with the same crime on the same facts.
>
> Even assuming that the information was technically deficient, however, the error was harmless, because the defendants had actual notice of the charges against them and have not demonstrated that they were prejudiced by the omission. The jury was actually instructed on the elements of aggravated trespass and specifically found those elements beyond a reasonable doubt. The historic "drift of the law away from the rules of technical and formalized pleading"

> culminated in Federal Rules of Criminal Procedure 52(a), which provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."Russell v. United States, 369 U.S. 749, 762, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Accordingly, "convictions are no longer reversed because of minor and technical deficiencies which d[o] not prejudice the accused." Id. at 763, 82 S.Ct. 1038. Harmless error analysis clearly applies to the alleged insufficiency of an indictment. Id.; United States v. Cor-Bon Custom Bullet Co., 287 F.3d 576, 580 (6th Cir. 2002).As noted by the magistrate judge, There has been no claim of prejudice, there has been no claim that the Defendants were not informed of the charges so as to prepare a defense, nor has any failure prevented the Defendants from preparing an excellent and well orchestrated defense, including probing and virtually continual cross-examination of the Government's witnesses on whether this facility was enclosed. In fact the Defendants' whole trial defense has virtually been with regard to that issue, therefore, the Defendants have not proven prejudice nor even alleged it, and the record indicates full knowledge of and preparation for this charge.

As in Lentsch, this Indictment's reference to the various programs as "health care benefit program(s) as defined in 18 U.S.C. §24" reinforces the other references in the Indictment to both the terms of that statute, and 18 U.S.C. §1347, and to the specific entities involved, so as to put defendants on notice of the charges and allow defendants to defend this very issue. The Indictment references "health care benefit programs," which under the referenced and incorporated 18 U.S.C. §24, definitionally requires that they "affect commerce". The fact that defendants have argued this issue so strongly is indication of defendants notice of this "affecting commerce" issue.

The Court feels that United States v. Martinez, 981 F.2d 867 (6th Cir. 1997), likewise supports this holding. In that case, after the citation referenced earlier herein, the Sixth Circuit held that the failure of the Indictment to specifically include the words "knowingly or intentionally" but cited the appropriate U.S. Code Section was sufficient:

> "We believe that this indictment satisfies the first prong of the

7

> Russell test. In United States v. Johnson, 414 F.2d 22, 26 (6th Cir. 1969), cert. denied, 397 U.S. 991, 90 S. Ct. 1112, 25 L.Ed.2d 399 (1970), this court held that an indictment sufficiently alleged willfulness by citing the appropriate section of the United States Code. In the case at bar, although the indictment does not expressly allege willfulness, it does allege the appropriate sections of the Unites States Code. We believe that citation to the statutes informed Escamilla of the elements of the charged offenses. See also United States v. Arteaga-Limones, 529 F.2d 1183, 1200 (5th Cir.), cert. denied. 429 U.S. 920, 97 S. Ct. 315, 50 L.Ed.2d 286 (1976) (holding that an indictment sufficiently alleged willfulness by citing the appropriate statute). We also believe that this indictment gave Escamilla adequate notice of the charges against her. Accordingly, we hold that the indictment was constitutionally sufficient."

Finally, defendants note that 18 U.S.C. §1347 doesn't contain an express "affecting commerce element in its text, yet concede that the element is incorporated into the statute by reference to 18 U.S.C. §24(b). Thus, not only does the Indictment reference 18 U.S.C. §1347 (which references and incorporates 18 U.S.C. §24(b)) but the Indictment itself, twice specifically notes certain entities as health care benefit programs "as defined in 18 U.S.C. §24." The terms of that statute (§ 24(b)) including the "affecting commerce" language therein would be no less incorporated into the Indictment.

In any event, both the direct references and incorporated references sufficiently informed defendants of the jurisdiction element of this offense.

For the foregoing reasons, the Court respectfully **RECOMMENDS** that defendants' Lawanna Brock and Rondal Brock Motion To Dismiss Superceding Indictment **[Doc. 44]** be **DENIED**[1].

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[1]Any objections to this Report and Recommendation must be served and filed with the clerk of the court within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).