UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-73 |
| | ) | (PHILLIPS/SHIRLEY) |
| LAWANNA BROCK, and | ) | |
| RONDAL BROCK | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on Defendant Lawanna Brock's Motion To Exclude Testimony Of Expert Witness [Doc. 72], filed on March 28, 2007.

In her Motion To Exclude, the defendant argues that the government's expert disclosure notice is untimely per the Court's Order on Discovery and Scheduling, and that the government's expert disclosure notice is inadequate because it does not comply with the requirements of Fed. R. Crim. P. 16(a)(1)(G).

The government has not responded. However, the defendant has attached a copy of the government's letter/expert disclosure notice from which the Court can determine this issue.

Fed. R. Crim. P. 16(a)(1)(G)[1] provides as follows:

---

[1]Although the government's expert disclosure notice provides that it is being made pursuant to Fed. R. Cr. P. 16(a)(1)(E), it is presumed that this reference to the prior numbering of the expert disclosure section in Rule 16 is a typographical error.

> At the defendant's request, the government must give to the defendant, a written summary of any testimony that the government intends to use under Rule 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial. . .   The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions and the witness's qualifications.

The Orders on Discovery and Scheduling [Docs. 3 and 32], Section L., provide in relevant part:

> Unless otherwise ordered by the Court any disclosure of expert information required by Rule 16(a)(1)(G), Fed. R. Cr. P. shall be made by the government at least three (3) weeks before trial. . .

The record reveals that the defendant complied with the condition precedent to Rule 16(a)(1)(G) by requesting the government give to the defendant the expert information required by 16(a)(1)(G) by letter to AUSA Davidson on October 13, 2006 (See ¶ 18, page 7 of letter attached).

The government responded by faxed letter dated March 27, 2007 [Doc. 72-2].  This letter/expert disclosure notice states:

> This letter is to advise you, pursuant to the provisions of Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, that the United States intends to call in its case-in-chief, Dr. Michael P. Bernard, M.D.  Dr. Bernard's curriculum vitae is enclosed.  We expect Dr. Bernard to testify that the results of the laboratory report attached are more consistent with the results of laboratory reports contained in the TMC patient file for Doyle Lawson than with the results of the laboratory reports contained in the TMC patient file for Jackie Williams.  We expect Dr. Bernard to testify that based on his comparison of the results of the aforementioned reports, the blood sample tested to produce the results in the attached report was more likely from Doyle Lawson than Jackie Williams.

The Court agrees with the defendant that the government's notice is not timely.  The Court's Orders of Discovery and Scheduling both required the government's expert disclosures to be made three (3) weeks before trial.  The case is set for trial on April 10, 2007.  Thus, the expert

disclosure was due on or before March 20, 2007. The government's expert disclosure on March 27, 2007 was approximately one (1) week late.

The Court likewise agrees that the government's notice is inadequate in that it does not comply with the Fed. R. Crim. P. 16(a)(1)(G). That rule requires that the expert disclosure summary **must** provide:

1)      the witness's opinions;

2)      the bases for those opinions;

3)      the reasons for these opinions; and

4)      the witnesses qualifications.

Fed. R. Crim. P. 16(a)(1)(G). Arguably the letter, although authored by AUSA Davidson and not the expert, provides 1) the witness's opinions and the 4) witness's qualifications. However, the letter does not state either 2) the basis for his opinions nor 3) the reasons for his opinions. Although at first blush, it appears that the letter does provide a basis for the opinion (i.e. "We expect Dr. Bernard to testify that <u>based on</u> his comparison of the result of the aforementioned results. . . (emphasis added)), when read in context, this is little more than a generalized description of what he looked at (lab results)[2] and a generic description of what he did (compared them). It does not state the basis for the comparison or the basis for his opinion. It does not state what was contained in the various lab reports that supports his opinion, or the basis upon which he relied to opine that whatever portions of the lab reports he relied on are more consistent with or are likely from one

_____

[2]The letter implies that in addition to the lab reports of the two (2) patients, an independent blood sample was tested and a lab report generated, though no specifics are given. The letter does state this independent lab report is "attached," but none was attached to the copy filed with the Court by defendant's counsel. If it was not provided to defendant, this only adds to the non-compliance with both Rule 16(a)(1)(G) and 16(a)(1)(F).

patient versus the other. Nor is there any indication of the actual results or findings of the lab reports that form the basis for his opinion.

Likewise, the reason for his opinions are not stated. There is no explanation of how he arrived at his opinion or the reasoning he used. Nowhere is there an explanation of what facts or results he relied on, nor the reasons why he relied on them, nor the reasons why those facts or results lead to the ultimate opinion expressed. There is no information given regarding the "blood sample tested," including whose blood was tested or how it was tested or the results. At a minimum, the defendant should be provided with copies of the materials (herein apparently a blood sample lab report, and patient lab reports), the expert used in connection with his proffered opinion, as well as an explanation of how he arrived at his opinion (i.e., his methodology), and the scientific basis underlying and supporting his position (i.e., the reliability component).

The defendant argues in her motion that the inadequacy of the notice "does not provide an adequate summary to allow Mrs. Brock to effectively discern the opinion being offered or to enable her to rebut that opinion. . . [and] does not state the basis of Dr. Bernard's opinion."

It appears to the Court that this expert testimony relates to, and is limited to, Count 6 of the Superseding Indictment. This is because the allegation in that count alleges that the defendant submitted on March 18, 2004 a false claim for benefits "for lab work for patient J.W., an individual insured under the Tenn Care insurance program when, in fact, the lab work was for blood for another patient not insured by the Tenn Care insurance program," and the expert disclosure herein references a comparison of a blood sample and lab reports of a named patient whose initials are J.W., with another named patient's lab reports.

With regard to the late disclosure issue, the Court notes that the defendant has not requested a continuance of the trial, nor indicated any prejudice from receiving the expert disclosure two (2) weeks before trial rather than three (3) weeks before trial. Nor does the defendant contend that an additional week to prepare would make any substantial difference in preparation. While the Court does not condone at all the government's late disclosure, it does appear that the expert analysis herein involves only the comparison of two (2) patient lab reports with an independent blood sample and lab report. Thus, in this limited instance, and for the reasons stated above, the Court does not find that the government's disclosure, one (1) week late, but two (2) weeks prior to trial, is prejudicial to the defendant to the extent that the expert should be disqualified. The Court finds that counsel nonetheless has adequate time to review and prepare for cross-examination.

The inadequacy of the report is a more difficult proposition. Admittedly, the defendant has been put on notice as to who the expert is, what his qualifications are, and what opinions he will offer. Arguably, the defendant has been provided at least a "broad brush" explanation for that opinion, to wit: a comparison of two (2) patients lab reports with an independent blood sample/lab report (ostensibly from – though it is not explicitly stated – one of the patients involved) that evidences it is from a patient other than the one for whom the Tenn Care claim was submitted. However, the underlying basis and reasons for the opinion is woefully lacking. Because the lab reports in issue have not been provided to the Court it cannot determine the extent to which defendant's claim of prejudice is merited. Nor has defendant stated how she has been prejudiced with any specificity. The Court can envision lab reports that are both sufficient and insufficient to adequately prepare to rebut the opinion. However, given the information supplied by the government, and assuming that the defendant's counsel has been, or will be, provided in a timely

fashion, the lab reports and any other materials upon which the expert relied for his opinions, the Court believes that this matter can best be resolved by the government supplementing its expert disclosures in a timely fashion to meet the requirements of Rule 16(a)(1)(G) (including addressing the matters raised in this opinion). Should defendant thereafter contend (and should the Court agree) that there are still any substantial shortcomings in the disclosure, that defendant could be allowed to conduct a limited voir dire of the expert, outside the presence of the jury, prior to his testimony.

While all of this could have been, and should have been, obviated by a proper and timely expert disclosure (and indeed such is the reason behind Section L. in the Court's Order on Discovery and Scheduling), the Court does not believe that the defendant will be sufficiently prejudiced to the extent that the expert should be disqualified, if the above actions are promptly taken. Pursuant to 16(d), the Court believes the actions taken herein constitute an adequate remedy and appropriate relief and are just under the facts and circumstances of this case.

For the foregoing reasons, the defendant Lawanna Brock's Motion To Exclude Testimony Of Expert Witness [**Doc. 72**] is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

6