**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:06-CR-73** |
| | ) | **(Phillips/Shirley)** |
| **LAWANNA BROCK, and** | ) | |
| **RONDAL BROCK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter came before the Court upon telephone conference on May 7, 2007.  The purpose of the conference was to discuss defendant Lawanna Brock's motion in limine [Doc. 89] and defendant Rondal Brock's motion to suppress [Doc. 87], which concern the admissibility of a series of telephone conversations in a recording.   The recording was described by the government as conversations between Lawanna Brock and a former employee discussing the procurement of controlled substances by the use of fraudulent prescriptions.   Rondal Brock was not a participant in these telephone conversations.  After listening to the recording and considering the arguments made by the parties, the Court finds that the recording was not in fact what the government purported the recording to be.

First, the recording involves more than two individuals on the telephone.  Further,

the recording is filled with statements of hearsay, accusations, rumors, and innuendos. Moreover, while it appears that Rondal Brock signed the cover letter to the police department accompanying the recording on a CD, there is no indication that Rondal Brock listened to or agreed with the information contained in the recording. The letter simply states that "[t]his evidence is in the custody of the NTPD officer Mewhenney[,] and KPD has an arrest file."

Accordingly, the Court advised the parties during the telephone conference that the recording would not be admissible in whole; ordered the government to prepare a transcript and designate only the relevant portions of the CD it intended to use for trial; and informed the parties that pending motions would be taken up at 8:30 a.m. on the morning of the trial.[1]

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

---

[1]After the rulings made at the telephone conference, the government filed a joint motion to sever.