UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:06-CV-73 |
| ) | (Phillips/Shirley) |
| LAWANNA BROCK, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court upon defendant Lawanna Brock's motion in limine [Doc. 89]. The defendant moves for an order excluding the recording that is subject of the government's notice of intent to introduce evidence under Rule 404(b) of the Federal Rules of Evidence. *See* Doc. 81. After the government responded, the Court advised the government during a telephone conference that it must designate selective portions of the recording to offer for purposes of admissibility. The government filed its notice of intent to use excerpts [Doc. 102] thereafter. The defendant then responded to the notice in open court. For the foregoing reasons, defendant's motion to exclude the recording is **DENIED, as set forth below**, except for the excerpt identified by the Court and read into the record.

Federal Rule of Evidence 404(b) provides in relevant part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." *Id.* In determining whether other acts evidence under Rule 404(b) is admissible, this Court employs a three-part test. First, the Court must decide whether there

1

is sufficient evidence that the other act in question actually occurred. Second, if so, the Court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the Court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003) (citing *United States v. Haywood*, 280 F.3d 715, 719-20 (6th Cir.2002)).

After reviewing the excerpts, as set forth by the government, and considering the arguments of the parties, the Court finds that the defendant made the statements; the evidence is probative on the issue of motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident; and that the probative value of the evidence is not substantially outweighed by the danger of any unfair prejudicial effect. Accordingly, the excerpts, as set forth by the government, are admissible except for the excerpt identified by the Court and read into the record. The admissibility of any other testimony from the recording shall be addressed during the trial, if needed.

**IT IS SO ORDERED.**

                                                **ENTER:**

                                                        s/ Thomas W. Phillips
                                                    United States District Judge