# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CR-73 |
| ) | (PHILLIPS) |
| LAWANNA BROCK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The matter before the Court involves defendant Lawanna Brock's jury conviction of health care fraud offenses and an obstruction offense. The defendant now moves for judgment of acquittal or, in the alternative, a new trial [Docs. 116 and 127]. The government has responded in opposition [Doc. 118].

Essentially, the defendant is arguing that a new trial or acquittal is warranted in that 1) a minimal amount of fraud was alleged and that 2) the government decided to go far beyond proving the offenses charged in the superceding indictment, which resulted in the introduction of a level of prejudicial extraneous evidence that deprived defendant of a fair trial. As to the latter, the defendant's contentions include that the government did not narrow the purpose of the 404(b) evidence; she was not given 404(b) notice for particular other acts; the Court allowed evidence related to acts outside of the charging superceding indictment or acts that she was not charged with in the superceding indictment; that she

1

did not open the door for admissibility of the tape recording; and that the Court was wrong in refusing to admit drug screens purported to have been taken by Geneva Renee Gent as well as allowing the testimony of Richard McConnell, counsel for Tracy Chadwell, and Stacy Cunningham.

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a court must draw all inferences and credibility determination in the light most favorable to the prosecution and in support of the verdict when considering a motion for judgment of acquittal based on sufficiency of the evidence. *United States v. Barnett*, 398 F.3d 516, 521-22 (6th Cir. 2005). Relief is only to be granted if a court finds that, based upon the record of evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Id.* Rule 33 of the Federal Rules of Criminal Procedure provides that, upon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. A motion for new trial differs from a motion for acquittal in that the trial judge on a motion for new trial can consider the credibility of the witnesses and the weight of the evidence. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (citations omitted). A court should only grant a new trial where the evidence preponderates heavily against the verdict. *Id.*

After careful consideration of the defendant's arguments and the government's response, the Court concludes that a judgment of acquittal or a new trial is not proper under the circumstances. The Court finds that the government presented sufficient evidence with respect to Counts Three through Six of the superceding indictment, which are the health care fraud offenses. The defendant has failed to carry the burden

associated with a sufficiency of the evidence challenge. Moreover, the Court notes that the jury's acquittal of defendant with respect to Count Two of the superceding indictment reflects a thoughtful and meticulous deliberation by the jury, which imparts a confidence that the jury properly performed their duties in holding the government to its high burden of proof. Likewise, in its presentation of evidence against the defendant, the government satisfied the elements of the obstruction of a criminal investigation offense as charged in Count One of the superceding indictment.

As to defendant's argument that evidence of other acts alleged to be unrelated to this defendant and/or outside the time period of the superceding indictment were improperly admitted, the Court finds that the evidence was appropriately submitted to show a scheme to defraud, as well as the defendant's plan and intent to defraud under Rule 404(b) of the Federal Rules of Evidence. At trial, the government stated the purpose of the other acts evidence and advised that the defendant had received documents related to these acts. Also, evidence concerning the infamous taped conversation was admissible. The evidence was admitted for the purpose of establishing consciousness of guilt. Prior to the jury trial, the Court had carefully narrowed the admissibility of the tape recording to only certain portions, which directly related to the purpose of the evidence, omitting extraneous comment. However, at trial, the defendant opened the door to the admissibility of the additional tape recording excerpts when she offered that she was working with law enforcement when she made the tapes, and when defense witnesses testified that

they were present when the recording was made, aided in the preparation of the recording, sent the recording to law enforcement, and/or believed that no portions of the tape recording was deleted and/or altered. Moreover, the Court does not believe that the probative value of the evidence discussed above was outweighed by its prejudicial effect under the circumstances of the case.

Additionally, the Court properly refused to admit drug screens purported to have been taken by Geneva Renee Gent, and the Court properly allowed the testimony of Tracy Chadwell's and Stacy Cunningham's attorney. Lastly, the Court finds defendant's remaining arguments to support her request for relief unpersuasive.

In sum, the Court finds that the jury verdict was not against the greater weight of the evidence and that this is not a situation where no rational trier of fact could have found proof of guilt beyond a reasonable doubt. According, defendant's motion for judgment of acquittal or, in the alternative, for new trial [Docs. 116 and 126] is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge